UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:21-cv-02845-SB-JEM | Date: | June 1, 2021 |

| | |
|---|---|
| Title: | *Harry Forman, et al. v. C.P.C.H., Inc., et al.* |

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **ORDER ON MOTION TO REMAND (Dkt. No. 22) AND MOTION TO DISMISS (Dkt. No. 26)**

  Plaintiffs filed this wrongful death action in Los Angeles Superior Court, alleging that the acts or omissions of Defendants—operators of a skilled nursing facility—resulted in the death of Decedent Barry Forman, formerly a resident of Chatsworth Park Health Care Center (Chatsworth). Dkt. No. 4-1 (Complaint) ¶¶ 13-19. Defendants then removed this case to federal court, arguing that jurisdiction is proper under both federal officer jurisdiction and federal question jurisdiction. Dkt. No. 1 (Notice of Removal) (NOR) at 2. Plaintiffs now seek to remand this case back to state court. Dkt. No. 22 (Motion). The Court finds this matter appropriate for decision without oral argument and grants the Motion. Accordingly, the Court further denies Defendants' motion to dismiss this case (Dkt. No. 26) as moot.

## DISCUSSION

  A defendant may remove a civil action from state to federal court so long as jurisdiction originally would lie in federal court. 28 U.S.C. § 1441(a). There is a

strong presumption against removal jurisdiction, and the removing party has the burden of establishing the propriety of removal. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *see also id.* (noting that any doubt is resolved against removal). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### A. **Factual Background**

Decedent was a resident of Chatsworth from June 12, 2019 to April 30, 2020. Compl. ¶¶ 13, 17. In brief, Plaintiffs allege that Defendants' inattention to and insufficient care for Decedent—who required "continuous care due to suffering from dementia and other comorbidities"—caused Decedent to be hospitalized. *Id.* ¶¶ 13-17. Decedent later died at the hospital on May 5, 2020. His death certificate lists his causes of death as cardiac arrest, pneumonia, respiratory failure, and COVID-19. *Id.* ¶ 19.

Plaintiffs bring four state-law claims against Defendants, namely, negligence, willful misconduct, violations of the Elder and Dependent Adult Civil Protection Act, and wrongful death. *See id.* However, contrary to Defendants' assertions in the NOR, nowhere in the pleading do Plaintiffs allege any wrongdoing connected to the use or failure to use "qualified pandemic products [] to diagnose, mitigate, prevent, treat or cure COVID-19 or to limit the harm COVID-19 might otherwise cause." NOR ¶ 10. In filing the instant motion to remand, Plaintiffs contend that this is simply a state-law case, involving only state-law claims. Mot. at 11-12. Defendants disagree, pointing the Court to myriad pieces of guidance and other documents issued by various state and federal officials, as well as pleadings in this case and a ruling in a case from the Western District of Louisiana. Dkt. No. 29. (Request for Judicial Notice) (RJN).[1]

### B. **Analysis**

Based on the allegations in the Complaint, this Court does not have jurisdiction under either 28 U.S.C. § 1442(a) (federal officer jurisdiction) or 28 U.S.C. § 1441 (federal question jurisdiction).

---

[1] The Court grants Defendants' RJN to the extent the materials cited therein contain facts not reasonably subject to dispute. Fed. R. Evid. 201(b).

The Court previously analyzed this issue in a similar case, *Estate of McCalebb v. AG Lynwood, LLC*, 2021 WL 911951 (C.D. Cal. Mar. 1, 2021). There, the plaintiffs sued the skilled nursing facility where their mother resided prior to her death. The *Lynwood* plaintiffs alleged—in part—that the defendant had "fail[ed] to provide adequate PPE (and training in its use)," resulting in the decedent contracting COVID-19, a disease to which she ultimately succumbed. The defendant in *Lynwood* made arguments identical to those made here in support of removal and in opposition to the plaintiffs' motion to remand, citing declarations from the Secretary of the Department of Health and Human Services (HHS) and advisory opinions from the HHS Office of General Counsel. However, the Court found these arguments unpersuasive and determined that the defendants had failed to establish that removal was proper. The Court granted the *Lynwood* plaintiffs' motion to remand.[2] An appeal in that case is pending.

Defendants do not attempt to distinguish the Court's holding in *Lynwood*, instead briefly arguing in a footnote that the Court's holding there was incorrect. And the case for removal here is even weaker than in *Lynwood*—primarily because the pleading does not suggest Plaintiffs are alleging any acts or omissions related to COVID-19 that might confer federal officer or federal question jurisdiction in this case. Defendants contend that Plaintiffs' allegations that Defendants failed to implement an effective infection control program "by their very nature relate to the use of covered countermeasures, including personal protective equipment ('PPE'), COVID-19 testing, and/or the management and operation of Defendants' countermeasures program." Dkt. No. 28 at 1. This reads too much into the Complaint. The only mention of such countermeasures is COVID-19 testing (which Decedent apparently initially refused) and the administration of oxygen to Decedent once he contracted COVID-19, neither of which forms the basis for any of Plaintiffs' claims. Compl. ¶¶ 15-16. These allegations are insufficient to bring

---

[2] The Court concluded in *Lynwood*: "The lawsuit in this case does not appear to be about a purposeful allocation of scarce resources carried out in accordance with federal guidelines. The gravamen of the Complaint is that Defendant was generally neglectful in operating the Facility. While Plaintiffs refer to the failure to provide adequate PPE (and training in its use), this allegation is one of 19 claims of negligence in a complaint that describes overall inattention rather than conscious decision-making about covered countermeasures while delivering care. Thus, even if the PREP Act conferred federal jurisdiction, it would not appear to do so here." *Id.* at *5.

this case within the ambit of the Public Readiness and Emergency Preparedness Act.³

In short, the Court's conclusions in *Lynwood* apply to this case. Defendants have not established that they were acting under the direction of a federal officer in treating or failing to properly care for Decedent or that there is federal question jurisdiction. The Motion is **GRANTED** and this case is **remanded** to Los Angeles Superior Court. In light of the remand, the Court does not consider the merits of Defendants' motion to dismiss but rather denies it as moot.

---

³ While Plaintiffs allege that Chatsworth failed to "[p]roperly handle and implement measures to prevent Decedent from suffering pneumonia, COVID-19, and other injuries," Compl. ¶ 35(B), this general allegation does not appear to challenge a purposeful allocation of covered countermeasures.